PER CURIAM.
Defendant Mark Johnston was charged by bill of information with four counts of theft in violation of La.R.S. 14:67. Subsequently, following a hearing on a defense motion for preliminary examination, the trial court ruled that there was not sufficient evidence to hold defendant for trial and ordered defendant released and the charges against him dismissed. The state gave notice of intent to apply for writs and shortly thereafter also moved for an appeal to this Court.
The state’s application for writs was filed with this Court on October 12, 1979. On October 19, 1979, pursuant to the application, we held that the trial court did not abuse its discretion in finding that the state failed, to present a prima facie case against defendant in the preliminary examination, and in ordering defendant released from custody or bail, but that the court had exceeded its powers in ordering the charges against defendant dismissed. The case was accordingly remanded to the district court for further proceedings. State v. Johnston, 376 So.2d 1236 (La.1979), No. 65,877.
Thereafter, on October 22, 1979, this appeal by the state from the identical adverse ruling by the trial court was lodged with this Court. We note, ex proprio motu, that we lack jurisdiction to entertain the appeal. In State v. James, 329 So.2d 713 (La.1976), we held that under Article 5, Section 5(D) of the Louisiana Constitution of 1974, the state does not have the right to invoke the criminal appellate jurisdiction of this Court, except in cases in which a law or ordinance has been declared unconstitutional. When the state desires our review of final pre-conviction adverse judgments or rulings, the proper procedure is to apply to this Court for a writ of review under our supervisory jurisdiction. La.Const. Art. 5, § 5(A) (1974). See State v. James, supra.
If the state had filed only an appeal in this case, we would consider exercising our discretion to treat the appeal as an application for supervisory or other writs. La. Sup.Ct. Rules, Rule 1, § 11. However, since an application for writs involving the same parties and presenting the identical issues was previously filed and acted upon, we simply hold that we lack jurisdiction and order the appeal dismissed.
Accordingly, the appeal is dismissed and the case is remanded to the trial court for further proceedings.